## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**McELROY DEUTSCH MULVANEY & CARPENTER, LLP**
**1300 Mount Kemble Avenue**
**P.O. Box 2075**
**Morristown, New Jersey 07962-2075**
**(973) 993-8100 (Tel.)**
**(973) 425-0161 (Fax)**
**Attorneys for Defendant, Drew University**

|  |  |
|---|---|
| KEVIN PARISI,<br><br>       Plaintiff,<br><br>v.<br><br>DREW UNIVERSITY, <u>et al</u>.,<br><br>       Defendants. | **Civil Action No. 2:14-cv-02263-ES-JAD**<br><br><br>**Document Filed Electronically** |

## DEFENDANT DREW UNIVERSITY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Drew University ("Drew"), by way of Answer to the Complaint, says:

### AS TO THE NATURE OF THIS ACTION

1.      In response to the allegations of Paragraph 1 of The Nature of this Action section of the Complaint, it states that plaintiff Kevin Parisi ("plaintiff") is male and, in September 2013, was a student beginning his third academic year at Drew University.  Further, it states that, on or about September 10, 2013, the female individual defendant ("Jane Doe"), accompanied by the

male individual defendant ("John Roe"), appeared at Drew's campus public safety office and Jane Doe reported allegations concerning a sexual incident involving plaintiff and Jane Doe.  It lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported motivations of Jane Doe and John Roe and concerning the alleged communications between them and, therefore, puts plaintiff to his proofs with respect thereto. Except as so stated, it denies the allegations of said paragraph.

2.      In response to the allegations of Paragraph 2 of The Nature of this Action section of the Complaint, upon information and belief, it states that Jane Doe and/or John Roe contacted the Madison Police Department and made a report concerning the September 10, 2013 incident. It lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of said paragraph and puts plaintiff to his proofs with respect thereto.  Except as so stated, it denies the allegations of said paragraph.

3.      In response to the allegations of Paragraph 3 of The Nature of this Action section of the Complaint, it states that plaintiff was advised on September 12, 2013 that he was being placed on an interim suspension from University housing pending the adjudication of the alleged violation of Drew's Human Rights Policy in connection with the September 10, 2013 incident. Further, it states that, on or about September 27, 2013, the interim suspension from University housing was superseded by the removal of plaintiff from University housing for the remainder of the Fall 2013 semester as a sanction for plaintiff's violation of the University's drug policy in the days before the September 10, 2013 incident.  Except as so stated, it denies the allegations of said paragraph.

4.      In response to the allegations of Paragraph 4 of The Nature of this Action section of the Complaint, it states the Complaint purports to allege violations of Title IX of the

Education Amendments of 1972 and state law.  Except as so stated, it denies the allegations of said paragraph.

## AS TO THE PARTIES

5.      In response to the allegations of Paragraph 5 of The Parties section of the Complaint, it states that the name of the institution is Drew University, that its campus located at 36 Madison Avenue in Madison, New Jersey, that plaintiff was a student at Drew during the Fall 2013 semester and that he resided in University housing for a portion of the semester.  Except as so stated, it denies the allegations of said paragraph.

6.      In response to the allegations of Paragraph 6 of The Parties section of the Complaint, it states that Drew University is a private university with its main campus located at 36 Madison Avenue, Madison, New Jersey.   It further states that it offers a varied curriculum that includes courses of study in the liberal arts.  In addition, it states that the establishment and purposes of the institution are set forth in L.1868, c.II and L.1969, c.73, and it refers to said documents for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

7.      In response to the allegations of Paragraph 7 of The Parties section of the Complaint, it states that Jane Doe was enrolled at Drew during the Fall 2013 semester and resided in University housing on Drew's campus.  Upon information and belief, Jane Doe is a citizen of the United States and a resident of the State of New Jersey.  Except as so stated, it denies the allegations of said paragraph.

8.      In response to the allegations of Paragraph 8 of The Parties section of the Complaint, it states that John Roe was enrolled at Drew during the Fall 2013 semester and resided in University housing on Drew's campus.  Upon information and belief, John Roe is a

citizen of the United States and a resident of the State of New Jersey.  Except as so stated, it denies the allegations of said paragraph.

9.      With respect to Paragraph 9 of The Parties section of the Complaint, it states that said paragraph contains no operative allegations and that no response is required.

## AS TO JURISDICTION AND VENUE

10.      In response to the allegations of Paragraph 10 of the Jurisdiction and Venue section of the Complaint, it states that the allegations of said paragraph constitute conclusions of law to which no response is required.

11.      In response to the allegations of Paragraph 11 of the Jurisdiction and Venue section of the Complaint, it states that the allegations of said paragraph constitute conclusions of law to which no response is required.

12.      In response to the allegations of Paragraph 12 of the Jurisdiction and Venue section of the Complaint, it states that the allegations of said paragraph constitute conclusions of law to which no response is required.

13.      In response to the allegations of Paragraph 13 of the Jurisdiction and Venue section of the Complaint, it states that the allegations of said paragraph constitute conclusions of law to which no response is required.

14.      In response to the allegations of Paragraph 14 of the Jurisdiction and Venue section of the Complaint, it states that the allegations of said paragraph constitute conclusions of law to which no response is required.

## AS TO FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

15.      In response to Paragraph 15 of the Factual Allegations Common to All Claims section of the Complaint, it states that the allegation that plaintiff was "a successful high school

student" is vague and unclear, that plaintiff's academic record at the time of his application for admission to Drew was deemed sufficient to warrant an offer of admission and that, except as so stated, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and leaves plaintiff to his proofs in respect thereto.

16.     In response to Paragraph 16 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and leaves plaintiff to his proofs in respect thereto.

17.     In response to Paragraph 17 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff first enrolled in classes at Drew in the fall semester of the 2011-2012 academic year.  It lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of said paragraph and leaves plaintiff to his proofs in respect thereto.  Except as so stated, it denies the allegations of said paragraph.

18.     In response to Paragraph 18 of the Factual Allegations Common to All Claims section of the Complaint, it states that, after plaintiff accepted his offer of admission, it sent him an email containing links to, among other things, the web address of Daniel's Dictionary and it refers to Daniel's Dictionary for the contents thereof.  Further, it states that Daniel's Dictionary is accessible through the University's website.  Except as so stated, it denies the allegations of said paragraph.

19.     In response to Paragraph 19 of the Factual Allegations Common to All Claims section of the Complaint, it states that its Human Rights Policy exists in documentary form and it refers to said document for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

20.     In response to Paragraph 20 of the Factual Allegations Common to All Claims section of the Complaint, it states that its policies, including its Human Rights Policy, exist in documentary form and it refers to said documents for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

21.     In response to Paragraph 21 of the Factual Allegations Common to All Claims section of the Complaint, it states that its Human Rights Policy contains procedures for addressing complaints concerning violations of the aforesaid policy and it refers to said policy for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

22.     In response to Paragraph 22 of the Factual Allegations Common to All Claims section of the Complaint, it states that its Human Rights Policy contains procedures for addressing complaints concerning violations of the aforesaid policy and it refers to said policy for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

23.     In response to Paragraph 23 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff first enrolled at Drew for the Fall 2011 semester and that full-time undergraduates who first enrolled for that semester sometimes are referred to as the class of 2015.  Except as so stated, it lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of said paragraph and leaves plaintiff to his proofs with respect thereto.

24.     In response to Paragraph 24 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

25.     It denies the allegations of Paragraph 25 of the Factual Allegations Common to All Claims section of the Complaint.

26.     In response to Paragraph 26 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff and Jane Doe resided in Baldwin Hall during the 2012-2013 academic year.

27.     In response to Paragraph 27 of the Factual Allegations Common to All Claims section of the Complaint, it states that the phrase "good academic standing" is vague and unclear and further states that plaintiff maintained a cumulative grade point average above 2.0 during the 2011-2012 and the 2012-2013 academic years.    Except as so stated, it denies the allegations of said paragraph.

28.     In response to Paragraph 28 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

29.     In response to Paragraph 29 of the Factual Allegations Common to All Claims section of the Complaint, it states that in September 2013 plaintiff was assigned a medical single room in and began residing in Hoyt-Bowne Hall.  Except as so stated, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and leaves plaintiff to his proofs in respect thereto.

30.     In response to Paragraph 30 of the Factual Allegations Common to All Claims section of the Complaint, it states that in September 2013 Jane Doe was assigned a room in and began residing in Hoyt-Bowne Hall.  Except as so stated, it denies the allegations of said paragraph.

31.     In response to Paragraph 31 of the Factual Allegations Common to All Claims section of the Complaint, it states that the allegation concerning "the morning in question" is vague and unclear and further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

32.     It denies the allegations of Paragraph 32 of the Factual Allegations Common to All Claims section of the Complaint.

33.     In response to Paragraph 33 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

34.     In response to Paragraph 34 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

35.     In response to Paragraph 35 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

36.     In response to Paragraph 36 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

37.     In response to Paragraph 37 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

38.     In response to Paragraph 38 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

39.     In response to Paragraph 39 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

40.     In response to Paragraph 40 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

41.     In response to Paragraph 41 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

42.     In response to Paragraph 42 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a

belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

43.     In response to Paragraph 43 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

44.     In response to Paragraph 44 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

45.     In response to Paragraph 45 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

46.     In response to Paragraph 46 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

47.     In response to Paragraph 47 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

48.     In response to Paragraph 48 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

49.     In response to Paragraph 49 of the Factual Allegations Common to All Claims section of the Complaint, it states that on September 10, 2013 Jane Doe gave a statement to Drew public safety concerning the September 10, 2013 incident with plaintiff and it refers to Drew public safety's written report concerning that statement for the contents thereof.  Further, it states that John Roe accompanied Jane Doe to the public safety office.  Except as so stated, it denies the allegations of said paragraph.

50.     In response to Paragraph 50 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

51.     In response to Paragraph 51 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

52.     In response to Paragraph 52 of the Factual Allegations Common to All Claims section of the Complaint, it states that on September 11, 2013, Mr. James Ramey, Drew's Assistant Director of Community Standards and Complex Residence Director, sent an email to plaintiff to schedule a September 12, 2013 meeting with plaintiff.  Except as so stated, it denies the allegations of said paragraph.

53.     In response to Paragraph 53 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff was advised by Mr. Ramey that he was suspended from University housing pending the adjudication of the September 10, 2013 incident and was restricted from being in or around the residence halls and other campus buildings, with various exceptions, including the University Library, the University Commons and the buildings in which his classes were conducted.  Further, it states that plaintiff was advised that he was restricted from contacting Jane Doe and/or John Roe.  Except as so stated, it denies the allegations of said paragraph.

54.     In response to Paragraph 54 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

55.     In response to Paragraph 55 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

56.     In response to Paragraph 56 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

57.     In response to Paragraph 57 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff contacted it and advised that he had been

contacted by Jane Doe contrary to the no-contact order.  Except as so stated, it denies the allegations of said paragraph.

58.     In response to Paragraph 58 of the Factual Allegations Common to All Claims section of the Complaint, it states that, in determining whether plaintiff was responsible for a violation of its Human Rights Policy in connection with the September 10, 2013 incident, it considered all information it obtained through its investigation, including statements attributed to Jane Doe by plaintiff.  Further, it states that it did not impose sanctions on Jane Doe for contacting plaintiff or for alleged statements attributed to her by plaintiff.  Except as so stated, it denies the allegations of said paragraph.

59.     In response to Paragraph 59 of the Factual Allegations Common to All Claims section of the Complaint, it states that, in determining whether plaintiff was responsible for a violation of its Human Rights Policy in connection with the September 10, 2013 incident, it considered all information it obtained through its investigation, including statements by plaintiff and by Jane Doe.  Further, it states that it did not impose sanctions on Jane Doe for lodging a complaint against plaintiff.  Except as so stated, it denies the allegations of said paragraph.

60.     In response to Paragraph 60 of the Factual Allegations Common to All Claims section of the Complaint, it states that the allegations of said paragraph purport to describe the content of its written Human Rights Policy and it refers to said writing for the contents thereof. Except as so stated, it denies the allegations of said paragraph.

61.     In response to Paragraph 61 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

62.     In response to Paragraph 62 of the Factual Allegations Common to All Claims section of the Complaint, upon information and belief, it states that Jane Doe and/or John Roe provided information to the Madison Police Department concerning the September 10, 2013 incident.  Except as so stated, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

63.     In response to Paragraph 63 of the Factual Allegations Common to All Claims section of the Complaint, it states that it learned that the Madison Police Department had received information concerning the September 10, 2013 incident and, thereafter, aspects of its investigation into Jane Doe's complaint concerning the September 10, 2013 incident were delayed temporarily due to the investigation by the Madison Police Department.  In addition, it states that the temporary housing suspension continued in effect from September 12, 2013 until on or about September 27, 2013, when it was superseded by the removal of plaintiff from University housing for the remainder of the Fall 2013 semester as a sanction for plaintiff's most recent violation of the University's drug policy.   Except as so stated, it denies the allegations of said paragraph.

64.     It denies the allegations of Paragraph 64 of the Factual Allegations Common to All Claims section of the Complaint.

65.     In response to Paragraph 65 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff's father contacted and communicated with the Chief of Drew's Department of Public Safety, Chief Lucid, on various occasions.  Chief Lucid explained to plaintiff's father the role of Drew's Department of Public Safety in the context of Drew's efforts in addressing the complaint that it received concerning the September 10, 2013 incident.  Further, it states the Chief Lucid explained to plaintiff's father his understanding of the

14

role of the Madison Police Department in responding to the September 10, 2013 incident.  In addition, it states that plaintiff's father sent an email to Chief Lucid on or about December 9, 2013 and it refers to said email for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

66.     In response to Paragraph 66 of the Factual Allegations Common to All Claims section of the Complaint, it states that its ability to provide information and/or documents to law enforcement is controlled by federal law and that it cooperated with the Madison Police Department's inquiries concerning the September 10, 2013 incident to the full extent permitted by federal law.  Further, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph concerning the cooperation of Jane Doe and/or John Roe with the Madison Police Department and puts plaintiff to his proofs with respect thereto.  Except as so stated, it denies the allegations of said paragraph.

67.     In response to Paragraph 67 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

68.     It denies the allegations of Paragraph 68 of the Factual Allegations Common to All Claims section of the Complaint.

69.     It denies the allegations of Paragraph 69 of the Factual Allegations Common to All Claims section of the Complaint.

70.     In response to Paragraph 70 of the Factual Allegations Common to All Claims section of the Complaint, it states that Deshawn Cook sent an email to plaintiff on November 25,

2013 and it refers to said email for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

71.     In response to Paragraph 71 of the Factual Allegations Common to All Claims section of the Complaint, it states that Drew's Investigations Group interviewed Jane Doe and prepared a report concerning the interview and it refers to said report for the content thereof. Except as so stated, it denies the allegations of said paragraph.

72.     In response to Paragraph 72 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

73.     In response to Paragraph 73 of the Factual Allegations Common to All Claims section of the Complaint, it states that it made repeated requests to interview the student referenced in said paragraph and that the student refused to submit to an interview.  Further, it states upon information and belief that the referenced student did submit to an interview by a private investigator hired by plaintiff's family.  In addition, it states that it requested a copy of the private investigator's report purportedly prepared concerning an interview of the student and that its request was refused.  Except as so stated, it denies the allegations of said paragraph.

74.     In response to Paragraph 74 of the Factual Allegations Common to All Claims section of the Complaint, it states that its Dean of Students, Frank Merckx, II, sent an email to plaintiff on December 4, 2013 and it refers to said email for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

75.     In response to Paragraph 75 of the Factual Allegations Common to All Claims section of the Complaint, it states that it lacks knowledge and information sufficient to form a

belief as to the truth of the allegations of said paragraph and puts plaintiff to his proofs with respect thereto.

76.    In response to Paragraph 76 of the Factual Allegations Common to All Claims section of the Complaint, it states plaintiff sent an email to Stewart Robinette on December 10, 2013 and it refers to said email for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

77.    In response to Paragraph 77 of the Factual Allegations Common to All Claims section of the Complaint, it states that Stewart Robinette sent an email to plaintiff on December 17, 2013 and it refers to said email for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

78.    In response to Paragraph 78 of the Factual Allegations Common to All Claims section of the Complaint, it states that it offered plaintiff the opportunity to review its investigation report, which plaintiff declined, but advised plaintiff that it would not provide him with a copy of the report.  Except as so stated, it denies the allegations of said paragraph.

79.    In response to Paragraph 79 of the Factual Allegations Common to All Claims section of the Complaint, it states that its public safety office received an email from the Madison Police Department on or about January 17, 2014 and it refers to said email for the contents thereof.  Except as so stated, it denies the allegations of said paragraph.

80.    It denies the allegations of Paragraph 80 of the Factual Allegations Common to All Claims section of the Complaint.

81.    It denies the allegations of Paragraph 81 of the Factual Allegations Common to All Claims section of the Complaint.

82.     It denies the allegations of Paragraph 82 of the Factual Allegations Common to All Claims section of the Complaint.

83.     It denies the allegations of Paragraph 83 of the Factual Allegations Common to All Claims section of the Complaint.

84.     It denies the allegations of Paragraph 84 of the Factual Allegations Common to All Claims section of the Complaint.

85.     It denies the allegations of Paragraph 85 of the Factual Allegations Common to All Claims section of the Complaint.

86.     It denies the allegations of Paragraph 86 of the Factual Allegations Common to All Claims section of the Complaint.

87.     It denies the allegations of Paragraph 87 of the Factual Allegations Common to All Claims section of the Complaint.

88.     It denies the allegations of Paragraph 88 of the Factual Allegations Common to All Claims section of the Complaint.

89.     It denies the allegations of Paragraph 89 of the Factual Allegations Common to All Claims section of the Complaint.

90.     It denies the allegations of Paragraph 90 of the Factual Allegations Common to All Claims section of the Complaint.

91.     In response to the allegations of Paragraph 91 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff achieved a higher grade point average during the Fall 2013 semester than he had achieved during the Spring 2013 semester. Further, upon information and belief, it states that plaintiff's academic performance was impacted negatively by pre-existing medical and/or psychological conditions and the effects of

associated medications, tragedy and grief plaintiff experienced in his personal life not caused or attributable to Drew, substance abuse, missing classes and the lack of sufficient effort on plaintiff's part.  Except as so stated, it denies the allegations of said paragraph.

92.     In response to Paragraph 92 of the Factual Allegations Common to All Claims section of the Complaint, it states plaintiff's level of academic achievement measured semester-by-semester or cumulatively has been below average since his initial enrollment at Drew and, generally, has trended downward.  Further, it states that plaintiff's grade point averages for the Spring 2013 and Fall 2013 semesters were below 2.0 and factored into the requirement that plaintiff be placed on leave for the Spring 2014 semester.  Except as so stated, it denies the allegations of said paragraph.

93.     In response to Paragraph 93 of the Factual Allegations Common to All Claims section of the Complaint, it states that as part of the sanctions for his most recent violation of Drew's drug policy in September 2013, plaintiff was required to undergo an evaluation for substance abuse and to follow any treatment recommendations resulting from that evaluation. Further, it states that plaintiff advised it that he was undergoing grief counseling unrelated to any alleged events that occurred at Drew.  Except as so stated, it denies the allegations of said paragraph.

94.     In response to Paragraph 94 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff's academic career has been impacted by poor academic performance which, upon information and belief, resulted from substance abuse, plaintiff's failure to devote time and attention to attending classes, performing course work and study sufficient to achieve success in a higher education environment and plaintiff's pre-existing

conditions unrelated to the events alleged in the Complaint.  Except as so stated, it denies the allegations of said paragraph.

95.     In response to Paragraph 95 of the Factual Allegations Common to All Claims section of the Complaint, it states that plaintiff's academic career has been impacted by poor academic performance which, upon information and belief, resulted from substance abuse, plaintiff's failure to devote sober time and attention appropriate and sufficient to achieve success in a higher education environment and plaintiff's pre-existing conditions unrelated to the events alleged in the Complaint.  Further, it denies that the investment of plaintiff's parents in his academic career has been "obliterated" and states that plaintiff is eligible to continue his education at Drew, subject to his first satisfying the sanctions that resulted from his most recent violation of Drew's drug policy.  In addition, it states that plaintiff has been and presently remains free to apply for admission to another college or university.  Except as so stated, it denies the allegations of said paragraph.

96.     It denies the allegations of Paragraph 96 of the Factual Allegations Common to All Claims section of the Complaint.

**AS TO THE FIRST CAUSE OF ACTION**

97.     In response to Paragraph 97 of the First Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 96 as if set forth at length herein.

98.     The allegations of Paragraph 98 of the First Cause of Action of the Complaint constitute conclusions of law to which no response is required.

99.     The allegations of Paragraph 99 of the First Cause of Action of the Complaint constitute conclusions of law to which no response is required.

100.    In response to Paragraph 100 of the First Cause of Action of the Complaint, it states that it receives federal funding in the form of Pell Grants and Federal Supplemental Education Grants.  Except as so stated, it denies the allegations of said paragraph.

101.    It denies the allegations of Paragraph 101 of the First Cause of Action of the Complaint.

102.    It denies the allegations of Paragraph 102 of the First Cause of Action of the Complaint.

103.    It denies the allegations of Paragraph 103 of the First Cause of Action of the Complaint.

104.    It denies the allegations of Paragraph 104 of the First Cause of Action of the Complaint.

105.    It denies the allegations of Paragraph 105 of the First Cause of Action of the Complaint and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

## AS TO THE SECOND CAUSE OF ACTION

106.    In response to Paragraph 106 of the Second Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 105 as if set forth at length herein.

107.    It denies the allegations of Paragraph 107 of the Second Cause of Action of the Complaint.

108.    It denies the allegations of Paragraph 108 of the Second Cause of Action of the Complaint.

109.    It denies the allegations of Paragraph 109 of the Second Cause of Action of the Complaint.

110.    It denies the allegations of Paragraph 110 of the Second Cause of Action of the Complaint.

111.    It denies the allegations of Paragraph 111 of the Second Cause of Action of the Complaint and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

## AS TO THE THIRD CAUSE OF ACTION

112.    In response to Paragraph 112 of the Third Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 111 as if set forth at length herein.

113.    It denies the allegations of Paragraph 113 of the Third Cause of Action of the Complaint.

114.    It denies the allegations of Paragraph 114 of the Third Cause of Action of the Complaint.

115.    It denies the allegations of Paragraph 115 of the Third Cause of Action of the Complaint.

116.    It denies the allegations of Paragraph 116 of the Third Cause of Action of the Complaint and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

## AS TO THE FOURTH CAUSE OF ACTION

117.    In response to Paragraph 117 of the Fourth Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 116 as if set forth at length herein.

118.    The allegations of Paragraph 118 of the Fourth Cause of Action of the Complaint constitute conclusions of law to which no response is required.

119.     It denies the allegations of Paragraph 119 of the Fourth Cause of Action of the Complaint.

120.     It denies the allegations of Paragraph 120 of the Fourth Cause of Action of the Complaint.

121.     It denies the allegations of Paragraph 121 of the Fourth Cause of Action of the Complaint.

122.     It denies the allegations of Paragraph 122 of the Fourth Cause of Action of the Complaint and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

**AS TO THE FIFTH CAUSE OF ACTION**

123.     In response to Paragraph 123 of the Fifth Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 122 as if set forth at length herein.

124.     It states that the allegations of Paragraph 124 of the Fifth Cause of Action of the Complaint constitute conclusions of law to which no response is required.  Except as so stated, it denies the allegations of said paragraph.

125.     It denies the allegations of Paragraph 125 of the Fifth Cause of Action of the Complaint.

126.     It denies the allegations of Paragraph 126 of the Fifth Cause of Action of the Complaint.

127.     It denies the allegations of Paragraph 127 of the Fifth Cause of Action of the Complaint.

128.     It denies the allegations of Paragraph 128 of the Fifth Cause of Action of the Complaint.

129.    It denies the allegations of Paragraph 129 of the Fifth Cause of Action of the Complaint and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

### AS TO THE SIXTH CAUSE OF ACTION

130.    In response to Paragraph 130 of the Sixth Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 129 as if set forth at length herein.

131.    It denies the allegations of Paragraph 131 of the Sixth Cause of Action of the Complaint.

132.    Upon information and belief, it denies the allegations of Paragraph 132 of the Sixth Cause of Action of the Complaint.

133.    It denies the allegations of Paragraph 133 of the Sixth Cause of Action of the Complaint.

134.    It denies the allegations of Paragraph 134 of the Sixth Cause of Action of the Complaint.

135.    It denies the allegations of Paragraph 135 of the Sixth Cause of Action of the Complaint and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

### AS TO THE SEVENTH CAUSE OF ACTION

136.    In response to Paragraph 136 of the Seventh Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 135 as if set forth at length herein.

137.    It denies the allegations of Paragraph 137 of the Seventh Cause of Action of the Complaint.

138.    It denies the allegations of Paragraph 138 of the Seventh Cause of Action of the Complaint.

139.    It denies the allegations of Paragraph 139 of the Seventh Cause of Action of the Complaint.

140.    In response to Paragraph 140 of the Seventh Cause of Action of the Complaint, it states that plaintiff was assigned a single room for the Fall 2013 semester based upon his request and information he provided to Drew University Health Service indicating that a single room was necessary due to a medical condition or conditions.  Except as so stated, it denies the allegations of said paragraph.

141.    It denies the allegations of Paragraph 141 of the Seventh Cause of Action of the Complaint and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

## AS TO THE EIGHTH CAUSE OF ACTION

142.    In response to Paragraph 142 of the Eighth Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 141 as if set forth at length herein.

143.    In response to Paragraph 143 of the Eighth Cause of Action of the Complaint, it states that the Eighth Cause of Action is not directed against Drew and no response is required. To the extent that the Eighth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

144.    In response to Paragraph 144 of the Eighth Cause of Action of the Complaint, it states that the Eighth Cause of Action is not directed against Drew and no response is required. To the extent that the Eighth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

145.    In response to Paragraph 145 of the Eighth Cause of Action of the Complaint, it states that the Eighth Cause of Action is not directed against Drew and no response is required. To the extent that the Eighth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

146.    In response to Paragraph 146 of the Eighth Cause of Action of the Complaint, it states that the Eighth Cause of Action is not directed against Drew and no response is required. To the extent that the Eighth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

### AS TO THE NINTH CAUSE OF ACTION

147.    In response to Paragraph 147 of the Ninth Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 146 as if set forth at length herein.

148.    It denies the allegations of Paragraph 148 of the Ninth Cause of Action of the Complaint.

149.    It states that the allegations of Paragraph 149 of the Ninth Cause of Action of the Complaint constitute conclusions of law to which no response is required.  Except as so stated, upon information and belief, it denies the allegations of said paragraph.

150.    It denies the allegations of Paragraph 150 of the Ninth Cause of Action of the Complaint.

151.    It states that the allegations of Paragraph 151 of the Ninth Cause of Action of the Complaint constitute conclusions of law to which no response is required.  Except as so stated, it denies the allegations of said paragraph.

152.    In response to Paragraph 152 of the Ninth Cause of Action of the Complaint, it denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.  Except as so stated, it denies the allegations of said paragraph.

## AS TO THE TENTH CAUSE OF ACTION

153.    In response to Paragraph 153 of the Tenth Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 152 as if set forth at length herein.

154.    In response to Paragraph 154 of the Tenth Cause of Action of the Complaint, it states that the Tenth Cause of Action is not directed against Drew and no response is required. To the extent that the Tenth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

155.    In response to Paragraph 155 of the Tenth Cause of Action of the Complaint, it states that the Tenth Cause of Action is not directed against Drew and no response is required. To the extent that the Tenth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

156.    In response to Paragraph 156 of the Tenth Cause of Action of the Complaint, it states that the Tenth Cause of Action is not directed against Drew and no response is required. To the extent that the Tenth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

157.    In response to Paragraph 157 of the Tenth Cause of Action of the Complaint, it states that the Tenth Cause of Action is not directed against Drew and no response is required. To the extent that the Tenth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

158.    In response to Paragraph 158 of the Tenth Cause of Action of the Complaint, it states that the Tenth Cause of Action is not directed against Drew and no response is required. To the extent that the Tenth Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

### AS TO THE ELEVENTH CAUSE OF ACTION

159.    In response to Paragraph 159 of the Eleventh Cause of Action of the Complaint, it repeats and realleges its responses to Paragraphs 1 through 158 as if set forth at length herein.

160.    In response to Paragraph 160 of the Eleventh Cause of Action of the Complaint, it states that the Eleventh Cause of Action is not directed against Drew and no response is required. To the extent that the Eleventh Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

161.    In response to Paragraph 161 of the Eleventh Cause of Action of the Complaint, it states that the Eleventh Cause of Action is not directed against Drew and no response is required. To the extent that the Eleventh Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

162.    In response to Paragraph 162 of the Eleventh Cause of Action of the Complaint, it states that the Eleventh Cause of Action is not directed against Drew and no response is required. To the extent that the Eleventh Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

163.    In response to Paragraph 163 of the Eleventh Cause of Action of the Complaint, it states that the Eleventh Cause of Action is not directed against Drew and no response is required.

To the extent that the Eleventh Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph.

164.    In response to Paragraph 164 of the Eleventh Cause of Action of the Complaint, it states that the Eleventh Cause of Action is not directed against Drew and no response is required. To the extent that the Eleventh Cause of Action is construed to be directed against Drew, it denies the allegations of this paragraph and further denies that plaintiff is entitled to the relief set forth in said paragraph or any other relief against it.

## AS TO PRAYER FOR RELIEF

It denies that plaintiff is entitled to the relief requested in the Prayer for Relief section of the Complaint or to any other relief against it.

## AS TO JURY DEMAND

It denies that plaintiff is entitled to a trial by jury as to certain of the issues.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim against it upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's claims, or certain of them, are barred by the applicable periods of limitation.

## THIRD SEPARATE DEFENSE

Plaintiff has failed to mitigate his alleged damages, if any.

## FOURTH SEPARATE DEFENSE

As a result of plaintiff's acts, conduct and omissions, plaintiff is barred and estopped from asserting the claims alleged in the Complaint or certain of them.

## FIFTH SEPARATE DEFENSE

No award of punitive damages is supportable as a matter of law because Drew's alleged actions and inactions, if any, were not willful, wanton, malicious, especially egregious or reckless.

## SIXTH SEPARATE DEFENSE

Drew's alleged actions were not the proximate cause of or a substantial factor in any alleged injury suffered by plaintiff.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims, or certain of them, are barred by the Charitable Immunity Act.

## EIGHTH SEPARATE DEFENSE

Drew's actions with respect to plaintiff were taken in good faith for legitimate, nondiscriminatory reasons.

## NINTH SEPARATE DEFENSE

Notwithstanding alleged gender discriminatory animus, Drew would have made the same decisions and taken the same actions with respect to plaintiff.

## TENTH SEPARATE DEFENSE

Drew's actions and alleged inactions in connection with the events alleged in the Complaint were taken in good faith for the purpose and with the intent of complying with its obligations imposed pursuant to law.

## ELEVENTH SEPARATE DEFENSE

Drew reserves the right to supplement this Answer with additional separate defenses as investigation and discovery progress.

**WHEREFORE**, defendant Drew University hereby requests judgment dismissing the Complaint in its entirety with prejudice, together with its attorneys' fees and costs of suit, and such other and further relief as the Court may deem just and proper.

McELROY,   DEUTSCH,   MULVANEY   &
CARPENTER, LLP
1300 Mt. Kemble Avenue
PO Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorney for Defendant, Drew University


By:_____**s/ James P. Lidon**_____
        JAMES P. LIDON
        A Member of the Firm


DATED:      June 18, 2014

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies that to the best of his knowledge the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.


McELROY,   DEUTSCH,   MULVANEY   &
CARPENTER, LLP
Attorney for Defendant, Drew University


By:_____**s/ James P. Lidon**_____
        JAMES P. LIDON
        A Member of the Firm

DATED:      June 18, 2014

31