UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

McELROY, DEUTSCH, MULVANEY
    & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, Drew University

| | |
|---|---|
| KEVIN PARISI,<br><br>          Plaintiff,<br><br>v.<br><br>DREW UNIVERSITY, et al.,<br><br>          Defendants. | Civil Action No. 2:14-cv-02263-ES-JAD<br><br>**CONSENT DISCOVERY<br>CONFIDENTIALITY ORDER**<br><br>**Document Electronically Filed** |

    WHEREAS the parties to this action have documents, materials and/or information which they have been or may be requested to produce in the course of discovery or other proceedings, and which they assert are confidential; and

    WHEREAS the parties wish to maintain the confidentiality of any such documents, materials and/or information,

    IT IS HEREBY STIPULATED:

    1.    Subject to the following conditions and restrictions, a party may designate any document and/or information provided in discovery as "CONFIDENTIAL" by clearly and conspicuously marking it with the word "CONFIDENTIAL," or in the case of deposition or hearing testimony, indicating on the record that some or all of the testimony is

"CONFIDENTIAL," or as otherwise specified in paragraph (12) of this Consent Discovery Confidentiality Order. Any "CONFIDENTIAL" material, and the information contained therein, shall not be used except for purposes of this litigation.

2. For purposes of this Consent Discovery Confidentiality Order, "CONFIDENTIAL" material means: (a) those relating to any personally identifying information protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99, including, but not limited to, any non-public information about a past, present or potential student of Drew University, including any transcripts, grades, evaluations, disciplinary or medical records, reports, statements or any other aggregate of confidential student information; (b) those relating to investigations conducted the University, including but not limited to, correspondence and other communications relating to such investigations, materials reviewed by the investigators, and reports setting forth the findings of the investigators; and (c) other confidential material relating to past or present students and employees.

3. No discovery document or information shall be designated as "CONFIDENTIAL" without counsel's good faith belief that the information subject to the confidentiality designation meets the requirements for protection under the governing rules and precedents.

4. Where a document containing confidential information also contains non-confidential information of substance, and the two types of information can be readily segregated, the Designating Party, upon the Recipient's request, must produce a redacted version containing all information which is not deemed "confidential."

5. Any confidentiality designation of discovery materials can be challenged at any time by means of a letter or an on-the-record oral statement at a deposition or hearing. Any

challenge must be based on counsel's good faith belief that the information subject to the confidentiality designation does not meet the requirements for protection under the governing rules and precedents.

6. In the event the Recipient disputes the Designating Party's designation of individual documents or a category of documents or information as "CONFIDENTIAL," the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information in order to settle such dispute without judicial intervention. If the parties are unable to resolve a dispute as outlined above, the Designating Party claiming confidentiality may notify the Court that the attorneys were not able to resolve such dispute and, within ten (10) days thereafter, apply to the Court for an appropriate determination. Failure to make an application to the Court within ten (10) days, unless the parties mutually agree upon an extension of time, shall be deemed a withdrawal of the disputed designation by the Designating Party unless good cause is shown. During the pendency of such dispute or application, and until the court may rule otherwise, the information designated "CONFIDENTIAL" shall remain subject to the designations and restrictions of this Order.

7. "CONFIDENTIAL" material and information shall be maintained in confidence and not disclosed by the receiving party to any entity or person except:

    a. the Court;

    b. counsel to the parties in this litigation, and the legal associates and clerical or other support staff who are employed by such counsel;

    c. parties to this litigation who have first consented in writing, by executing Exhibit "A" attached hereto, to be bound by this Consent Discovery Confidentiality Order, including the obligation to not disclose such "CONFIDENTIAL" material to any person or entity

other than those listed in this paragraph (7);

   d. court reporters who record depositions or other testimony in this litigation;

   e. experts retained by parties or their counsel for the purpose of assisting in the prosecution or defense of this litigation who have first consented in writing, by executing Exhibit "A" attached hereto, to be bound by this Consent Discovery Confidentiality Order, including the obligation to not disclose such "CONFIDENTIAL" material to any person or entity other than those listed in this paragraph (7); and

   f. fact witnesses or potential fact witnesses who have first consented in writing, by executing Exhibit "A" attached hereto, to be bound by this Consent Discovery Confidentiality Order, including the obligation to not disclose such "CONFIDENTIAL" material to any person or entity other than those listed in this paragraph (7). The Recipient who discloses "CONFIDENTIAL" material to any fact witness or potential fact witness shall maintain a list specifically identifying the witness to whom the information was disclosed and the Bates number and/or other means sufficient to identify such disclosed information. In the event a witness is unwilling to consent to be bound by this Consent Discovery Confidentiality Order during a deposition or any Court proceeding any party may, upon reasonable notice, move before the Court for an order compelling the non-signing witness to honor the Consent Discovery Confidentiality Order.

  8. The restrictions set forth in this Consent Discovery Confidentiality Order shall not apply to:

   a. information that was, is or becomes public knowledge through its authorized release by a person or entity that rightfully obtained and possesses such information, and not in violation of this Consent Discovery Confidentiality Order;

    b. each party with respect to its own information or information received or created during the normal course of its own business.

  All parties reserve the right to seek protection, pursuant to this Order, of any information or documents that have become public that any party maintains should be classified as "CONFIDENTIAL" subject to the designations and restrictions of this Order.  The party claiming confidentiality may seek protection of that information in accordance with paragraphs (1), (2) and (12) of this Consent Discovery Confidentiality Order.  The parties shall confer to determine whether the restrictions sought are warranted with respect to such disputed information in order to settle such dispute without judicial intervention.  If the parties are unable to resolve the dispute as outlined above, the information shall be classified as "CONFIDENTIAL" for a period of ten (10) days during which time the party claiming confidentiality may apply to the Court for an appropriate determination.  During the pendency of such dispute or application, and until the Court may rule otherwise, the information shall be classified as "CONFIDENTIAL."  If a party fails to apply to the Court for an appropriate determination within the 10 day period referenced above, the information shall no longer be classified as "CONFIDENTIAL" but the party shall retain the right to apply to the Court for an appropriate determination.

  9. The parties acknowledge that Rule 5.3 of the Local Civil Rules for the United States District Court for the District of New Jersey governs the circumstances under which materials may be filed under seal with the Court.  The parties further acknowledge that during the course of this litigation a party may file with the Court a motion, pleading or other materials which may contain documents and/or information designated by either party as "CONFIDENTIAL" material pursuant to the terms of this Consent Discovery Confidentiality

Order. The following procedure shall govern the filing of such materials with the Court:

    a.    If the party filing the motion, pleading or other materials includes material that has been designated "CONFIDENTIAL" by any other party, the Filing Party shall, no later than ten (10) days before the filing of the motion, pleading or other materials, provide the Designating Party written notice of its intention to file specific materials or categories of materials designated as "CONFIDENTIAL" by the Designating Party. The Designating Party shall have ten (10) days from receipt of such written notice to file a formal motion to seal, as provided by Local Civil Rule 5.3(c)(1), or an emergent application, as provided by Local Civil Rule 5.3(c)(6).

    b.    The parties agree that in <u>all</u> circumstances in which a party files a motion, pleading or other materials containing information designated as "CONFIDENTIAL" by any other party, the Filing Party shall file such "CONFIDENTIAL" material under the designation "Confidential Materials," pursuant to Local Civil Rule 5.3(c)(3), to be sealed until any motion and/or emergent application to seal and/or to stay disclosure is decided.

    c.    If the "CONFIDENTIAL" material contained in the motion, pleading or other materials is that of the Filing Party, the Filing Party shall accompany its filing with a formal motion to seal, as provided by Local Rule 5.3(c)(1), or an emergent application, as provided by Local Rule 5.3(c)(6).

10.    The entry of this Consent Discovery Confidentiality Order is without prejudice to any party's right to seek to modify or eliminate any restriction on any document and/or information designated "CONFIDENTIAL" by the opposing party, or otherwise bring any motion or request before the Court. The parties may stipulate to reversing any restrictions placed on any documents and/or information in this Consent Discovery Confidentiality Order without

further Court order. Nothing in this paragraph shall be deemed to affect the parties' respective burdens of proof under the governing law.

11. The foregoing is without prejudice to the right of any party to:

    a. apply to the Court for a further Consent Discovery Confidentiality Order relating to any information not covered by this Consent Discovery Confidentiality Order;

    b. object to the production of documents and/or information it considers not subject to discovery;

    c. assert claims of privilege or other doctrines which permit complete withholding of otherwise discoverable documents and/or information; or

    d. apply to the Court for an order modifying or eliminating any restriction authorized by this Consent Discovery Confidentiality Order.

12. In the case of deposition or hearing testimony, a party, person or entity wishing to designate testimony as "CONFIDENTIAL" may so designate it on the record in connection with the specific testimony to be given, or within fifteen (15) days after the Designating Party, person, or entity, or his or its counsel, receives the written or electronic transcript thereof. If "CONFIDENTIAL" material is discussed or revealed in any portion of any deposition taken or hearing held in connection with this litigation, the party, person, or entity claiming confidentiality may exclude from such portions of the deposition any and all persons other than those permitted access to such material by the terms of this Consent Discovery Confidentiality Order. The portions of the transcript containing testimony designated as "CONFIDENTIAL" shall be separately bound by the reporter in booklets bearing the appropriate designation, and such booklets shall be delivered to trial counsel in sealed envelopes also bearing the appropriate designation. If any document and/or information designated as "CONFIDENTIAL" pursuant to

this Consent Discovery Confidentiality Order is used during the course of a deposition or hearing herein, that portion of the deposition record reflecting such material shall be designated as confidential, and access thereto shall be limited pursuant to the terms of this Consent Discovery Confidentiality Order.

13. Inadvertent failure to designate documents and/or information "CONFIDENTIAL" shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

14. Documents and/or information obtained by the parties in discovery in this litigation shall be used by counsel solely for the prosecution or defense of the claims in this litigation and shall not be used by counsel in any other legal action. At the conclusion of the litigation all such documents shall be returned to the Producing Party. In the event a party possessing confidential documents should opt to destroy, as compared to return, confidential documents, said party shall provide the Producing Party with a Certification that the documents at issue have been destroyed.

15. The Consent Discovery Confidentiality Order shall be subject to modification by a Judge or Magistrate Judge at any time.

SO ORDERED, this 19th day of March 2015

_____
Honorable Joseph A. Dickson, U.S.M.J.

**Plaintiff, Kevin Parisi, and defendants, Drew University, and Kai Boulware, by their undersigned counsel, consent to the form and entry of this Confidentiality Agreement and Consent Protective Order and agree to be bound by its terms.**

AGREED TO AND CONSENTED BY:

By: /s/ Solomon Rubin
Solomon Rubin, Esq.
Jan Meyer, Esq.
Law Offices of Jan Meyer & Associates, P.C.

and

Kimberly C. Lau, Esq.
Andrew T. Miltenberg, Esq.
Nesenoff & Miltenberg, LLP
Attorneys for Plaintiff


By: /s/ James P. Lidon
James P. Lidon, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Attorneys for Defendant Drew University


By: /s/ John Burke
John Burke, Esq.
Burke & Potenza
Attorneys for Defendant Kai Boulware



By: _____
Defendant Jacob Levy

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, Drew University

| | |
|---|---|
| KEVIN PARISI,<br><br>Plaintiff,<br><br>v.<br><br>DREW UNIVERSITY, et al.,<br><br>Defendants. | Civil Action No. 2:14-cv-02263-ES-JAD<br><br>ACKNOWLEDGMENT REGARDING RECEIPT OF "CONFIDENTIAL" MATERIAL |

The undersigned hereby acknowledges that he or she has read and understands the CONSENT DISCOVERY CONFIDENTIALITY ORDER entered by the Court on _____, 2015; that he or she is one of the persons contemplated as authorized to receive disclosure of documents and/or information designated as "CONFIDENTIAL"; that he or she fully understands and agrees to abide by the conditions and restrictions of the CONSENT DISCOVERY CONFIDENTIALITY ORDER with respect to such "CONFIDENTIAL" material; that he or she consents to the exercise of personal jurisdiction by this Court with respect to any violation of the CONSENT DISCOVERY CONFIDENTIALITY ORDER; and that he or she understands that unauthorized disclosures of the "CONFIDENTIAL" material constitutes contempt of Court.

Dated: _____     Signature: _____

Printed Name: _____